UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kevin Reed, | C/A No.: 4:09-3126-JFA-TER |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Bob Olson, Food Service; Mr. McCall, Warden; Mr. Kirsch, Food Service Branch; Mr. Claytor, Acc Warden; Ms. Cocciolone, I.G.C.; Ofc. D. Lindsey; Ofc. Sewell; Mr. Najjar, | |
| Defendants. | |

This matter is before the court upon plaintiff's motions for Temporary Restraining Order ("TRO") and Preliminary Injunction (Docs. #1 and #15).[1] Defendants filed a response in opposition to both motions along with affidavits.

In the motion for TRO, plaintiff asserts that a "restraining order be placed on Officer Lindsey Et. Al." (Doc. #1). Plaintiff asserts in a conclusory fashion that his life has been threatened by way of poisoning his food, he has been sexually harassed and touched inappropriately, he has been subjected to racial discrimination, and false documents have been filed against him in retaliation of him filing grievances resulting in loss of privileges, good time credit, and resulted in a pro-longed stay in punitive segregation.

In plaintiff's motion for a preliminary injunction, plaintiff requests that he be removed from the "hostile environment" where defendants threaten and harass him which makes him fear for his

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

safety and he has been "stripped of his right to access to the courts in that he has been denied legal books to study, legal copies, and legal supplies . . . " (doc. #15). Plaintiff requests that he be removed from Perry Correctional Institution and placed in another institution. (Doc. #15).

Defendants filed a response in opposition to the motion for TRO arguing that plaintiff only makes conclusory statements that he has been threatened and harassed, denied access to the court, restricted from legal supplies and copies and to legal books and has been strip searched by defendants Lindsay and Sewell. Defendants argue plaintiff has failed to identify the alleged false charges brought against him by Officer Lindsay or the factual background and has not provided copies showing the charges.

Defendants submitted the affidavit of Officer Lindsay who attests that he is a correctional officer with SCDC and assigned to the SMU at Perry Correctional Institution. Lindsay attests that body cavity searches were required of inmates in the SMU unit, he denied degrading, insulting or calling plaintiff or any inmate names, denied harassing or discriminating against plaintiff, and states that he has not confiscated any of plaintiff's legal documents. (Docs. #59-3 and #60-3). Plaintiff was provided paper, pencils, and envelopes and given access to the law library while in SMU. Lindsay attests that the food served to SMU inmates is identical to that served to inmates in the cafeteria and denies that plaintiff's food has ever been poisoned as alleged. (Id.). Lindsay further asserts that plaintiff was charged with the failure to obey a direct order on September 26, 2009, after giving plaintiff several direct orders to return his food tray which he refused. (Id.). Plaintiff was found guilty of the charge at a disciplinary hearing on October 13, 2009, and Officer Lindsay has not brought any additional charges against plaintiff. (Id.).

Defendants submitted the affidavit of Michael Najjar who attests that he is employed by the SCDC and assigned to Perry Correctional Institution where he is responsible for handing out legal supplies and legal books at the times alleged by plaintiff and that inmates in SMU are provided with writing supplies, access to the law library, and allowed additional time in the law library in order to meet a pending deadline. (Docs. #60-5 and #59-5).

Defendants also submitted the affidavit of Officer Sewell who attests that part of his duties in SMU was to perform strip searches "which required inmates to bend at the waist, spread their cheeks and cough." (Docs. 59-6 and #60-6). The purpose for the strip search is to check for weapons and contraband which inmates may be concealing for safety and security concerns. (Id.). Sewell attests that he does not degrade inmates, make sexual remarks or use racial slurs in performing his duties. (Id.).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc. ,--- U.S. ---, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. He simply asks that the court issue an injunction without providing a legal basis for doing so. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to make the requisite showing of likelihood of success

on the merits including actual injury or harm and that, assuming injury or harm, that it is irreparable. Plaintiff also fails to show an injunction is in the public interest.²

As plaintiff has failed to meet the <u>Winter</u> factors, it is recommended that these motions for TRO (doc. #1) and preliminary injunction (#15) be denied.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 22, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

² Additionally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983). *See also*, <u>Meachum v. Fano</u>, 427 U.S. 215, 223-24 (1976) (prisoner has no due process right to be housed in any particular facility).

4