IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Reed, | C/A No.: 4:09-3126-JFA-TER |
| Plaintiff, | |
| vs. | ORDER |
| Bob Olson, Food Service; Mr. McCall, Warden; Mr. Kirsch, Food Service Branch; Mr. Claytor, ACC Warden; Ms. Cocciolone, I.G.C.; Ofc. D. Lindsey; Ofc. Sewell; Mr. Najjar, | |
| Defendants. | |

The *pro se* plaintiff, Kevin Reed, is an inmate with the Perry Correctional Institution. He has filed a complaint pursuant to 42 U.S.C. § 1983 and motions for a temporary restraining order and preliminary injunction. The plaintiff makes a variety of claims in his complaint including allegations that he has been poisoned by his prison food; he has been sexually harassed; he has been subjected to racial discrimination; and that he has been retaliated against for filing prison grievances.

Plaintiff's motions for a temporary restraining order and preliminary injunction request that the court move him to another institution. The defendants have responded in opposition to the motions and have submitted sworn affidavits in contradiction to the plaintiff's claims.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or

1

Recommendation wherein he suggests that the court should deny plaintiff's motions. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 22, 2010. The plaintiff has not filed any objections to the Report and the time limit to do so has expired.

As the Magistrate Judge correctly notes, there are four requirements that must be met before a court will consider granting a preliminary injunction: "[A] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of the preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Counsel, Inc.* ___ U.S. ___, 129 S.Ct. 365, 374 (2008). Further, injunctive relief is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Here, the Magistrate Judge finds, and this court agrees, that the plaintiff has failed to make the requisite showing set forth in *Winter*.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the

---

in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

plaintiff's motions for a temporary restraining order and preliminary injunction are denied. The Clerk shall return this case to the Magistrate Judge for further proceedings associated with the plaintiff's civil action.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

August 10, 2010
Columbia, South Carolina